# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHELLE RIOS**                                                                           **CIVIL ACTION**

**VERSUS**

**GRIFOLS BIOMAT USA**                                     **NO. 18-814-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 29, 2019.

                                                              _____
                                                              **RICHARD L. BOURGEOIS, JR.**
                                                              **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MICHELLE RIOS                                                      CIVIL ACTION

VERSUS

GRIFOLS BIOMAT USA                            NO. 18-814-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss. (R. Doc. 12). The motion is opposed. (R. Doc. 20). Defendant filed a Reply. (R. Doc. 22).

**I.    Background**

Michelle Rios ("Plaintiff"), who is proceeding *pro se*, commenced this civil rights action on August 31, 2018 naming as the sole defendant her employer, Grifols Biomat USA ("Defendant").[1] It appears that Plaintiff is seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§ 12102 *et seq*. ("ADA"), and the Louisiana Employment Discrimination Law, La. R.S. 23:301 *et seq*. ("LEDL").

On the form complaint, Plaintiff alleges that she was purposely discriminated against by her employer. (R. Doc. 1). Plaintiff alleges that her assistant manager, Janell Mitchell, would not modify her work schedule to accommodate an unidentified "medical condition" and her "school schedule." (R. Doc. 1 at 3). Plaintiff alleges that her requested schedule, which appears to be based on her school schedule, was not accommodated because she "might get sick or have a flare up." (R. Doc. 1 at 2). Plaintiff alleges that she was discriminated against "with malicious intent" and forced to choose between "school or work." (R. Doc. 1 at 3). Plaintiff alleges that while her

---

[1] Defendant asserts that its correct corporate name is Biomat USA, Inc. (R. Doc. 22 at 1).

co-employees have less years of employment than she does, they appear to have their schedules accommodated. (R. Doc. 1 at 3). Plaintiff identifies her co-employees as African American, but does not raise any allegations that she was discriminated against based on her own race, which she does not identify. (R. Doc. 1 at 3).

On November 21, 2018, Defendant filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. (R. Doc. 12).

While not in the Complaint, Plaintiff makes additional factual assertions in a filed status report. (R. Doc. 18). Among other things, Plaintiff states that she has "a chronic illness known as ulcerative colitis for which [she] was on FMLA for the week of August 21, 2017," that she "had a flare up and was out most of the week," and that she has a "religious accommodation" authorized by Defendant. (R. Doc. 18 at 1).

## II. Arguments of the Parties

Defendant seeks dismissal of Plaintiff's claims on the basis that she "fails to adequately plead sufficient facts to establish plausible claims for discrimination (including a failure to provide a reasonable accommodation) under the ADA and LEDL" and instead "simply makes vague, conclusory and confusion allegations and assertions, all relating to her purported class and/or school schedule." (R. Doc. 12-1 at 2). More specifically, Defendant asserts that Plaintiff has failed to adequately plead that she was disabled, entitled to a reasonable accommodation, or denied a reasonable accommodation. (R. Doc. 12-1 at 4-9).

In opposition, Plaintiff asserts that she was discriminated against based on her disability, her disability was not accommodated, and that she was retaliated against for filing the instant action. (R. Doc. 20 at 2). Plaintiff also submits documents with her opposition, including certain medical records and forms submitted to the Louisiana Commission on Human Rights and the

U.S. Equal Employment Opportunity Commission. (R. Doc. 20-1). The foregoing forms include claims of discrimination based on race (African-American/Hispanic), disability, and retaliation.

In reply, Defendant argues that Plaintiff fails to establish in her opposition that she suffered from a purported disability and that she was unlawfully denied a reasonable accommodation. (R. Doc. 22 at 1-3). Defendant further argues that Plaintiff cannot use her opposition to expand the scope of the allegations in the Complaint. (R. Doc. 22 at 3-4).

### III. Law and Analysis

#### A. Legal Standards

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro

se plaintiff's] allegations and briefs more permissively"). Furthermore, in most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

### B. Dismissal of Plaintiff's Claims

Even when held to less stringent standards in light of Plaintiff's *pro se* status, the allegations in the Complaint fail to meet the pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff has not raised any factual allegations supporting a claim for discrimination or retaliation under Title VII or the LEDL. To the extent Plaintiff is seeking relief under the ADA and the LEDL with respect to her alleged disability, Plaintiff has failed to adequately plead that she was disabled, entitled to a reasonable accommodation, or denied a reasonable accommodation.

#### 1. Title VII Claims

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also makes it unlawful for an employer to retaliate against an individual for opposing discrimination or otherwise participating in activity protected by the statute. 42 U.S.C. § 2000e-3(a).

The Complaint raises no allegations that Plaintiff was discriminated against based upon her race, color, religion, sex, or national origin. Plaintiff has also not alleged any facts in support of a claim that her employer retaliated against her in light of any activity related to a discrimination claim under Title VII. Furthermore, Plaintiff does allege that other employees were treated differently when it came to the scheduling of work hours. Accordingly, Plaintiff has failed to state a claim under Title VII upon which relief can be granted.

### 2. ADA Claims

The ADA prohibits discrimination against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A plaintiff is a "qualified individual" under the ADA if he or she is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

"To prevail on a claim of discrimination based on failure to accommodate a disability, the plaintiff must show that (1) the employer is covered by the statute; (2) she is an individual with a disability; (3) she can perform the essential functions of the job with or without reasonable accommodation; and (4) the employer had notice of the disability and failed to provide accommodation." *Blackard v. Livingston Par. Sewer Dist.*, No. 12-704, 2014 WL 199629, at *5 (M.D. La. Jan. 15, 2014) (citing *Mzyk v. North East lndep. Sch. Dist.,* 397 F. App'x 13, 16 n. 3 (5th Cir. 2010) (citations omitted)).

Under the ADA, the "term 'disability means, with respect to an individual -- (A) a physical or mental impairment that substantially limits one or more major life activities of such

individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1).

"Essential functions" are "the fundamental job duties of the employment position the individual with a disability holds or desires" and "does not include the marginal functions of the position." 29 C.F.R. § 1630.2(n)(1). In other words, essential functions are those "basic" to the job. *See Myers v. Hose*, 50 F.3d 278, 282 (4th Cir. 1995) (essential function of a "bus driver is to operate his motor vehicle in a timely, responsible fashion"). Evidence of whether a function is essential includes, but is not limited, to (1) the employer's judgment as to which functions are essential; (2) written job descriptions; (3) the amount of time spent on the job performing the function; (4) the consequences of not requiring the person to perform the function; and (5) the current experience of holders of similar jobs. *See* 29 C.F.R. § 1630.2(n)(3).

The ADA requires employers to make "[m]odifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii). "The ADA does not [, however,] require an employer to relieve an employee of any essential functions of his or her job . . . reassign existing employees to perform those jobs, or hire new employees to do so." *Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999) (holding employer was not required to accommodate firefighter who could not fight fires); *see also Barber v. Nabors Drilling U.S.A., Inc.,* 130 F.3d 702, 709 (5th Cir. 1997) ("We cannot say that [an employee] can perform the essential functions of the job with reasonable accommodation, if the only successful accommodation is for [the employee] not to perform those essential functions."). "As a matter of law, it is an unreasonable accommodation for the employer to have to exempt the employee from

6

performance of an essential function of the job." *Jones v. Kerrville State Hosp.*, 142 F.3d 263, 265 (5th Cir. 1998) (citing *Barber*, 130 F.3d at 709). "For the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant." *Silva v. City of Hidalgo, Tex.*, 575 F. App'x. 419, 423 (5th Cir. 2014) (quoting *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997)).

Defendant argues that Plaintiff has not alleged with sufficient facts that she suffers from a disability as defined by the ADA. The Court agrees that Plaintiff fails to set forth sufficient facts in the Complaint to establish that she is an individual with a disability as defined by 42 U.S.C. § 12102(1). The Complaint offers vague statements with respect to Plaintiff's "medical illness" and "medical condition" without any specific allegations explaining the nature of the medical illness or condition or how it substantially limited one or more of Plaintiff's major life activities. At most, Plaintiff alleges, in conclusory fashion, that her medical illness or condition "affects [her] everyday life and involved a "flare up" without alleging any specific facts with respect to the alleged disability. (R. Doc. 1 at 2-3). Only in argument does Plaintiff offer that she suffers from "a chronic illness known as ulcerative colitis" that resulted in "a flare up" at the time she took FMLA leave. (R. Doc. 18 at 1). In the absence of any specific allegations in the actual pleadings establishing a plausible claim that Plaintiff has a disability covered by the ADA, however, Plaintiff's claim must be dismissed. *See Lawson v. CertainTeed Corp.*, No. 16-0238, 2017 WL 66579 (W.D. La. Jan. 4, 2017) (dismissing with prejudice plaintiff's ADA claim where no factually allegations remotely suggested that the plaintiff had a disability within the meaning of the ADA). Plaintiff does not allege that she has ulcerative colitis or describe the consequences of this medical condition in the Complaint.[2]

---

[2] Whether ulcerative colitis constitutes a disability would depend upon whether the condition substantially limited one or more of Plaintiff's major life activities. *See E.E.O.C. v. SFAILA, LLC*, 666 F. Supp. 2d 637, 647-648 (E.D.

7

Defendant also asserts that Plaintiff has not alleged with sufficient facts that she was entitled to, and denied, a reasonable accommodation. In addition to failing to set forth sufficient facts in the Complaint with respect to her alleged disability, Plaintiff fails to set forth sufficient facts to raise a plausible claim that her employer had notice of the disability and failed to provide accommodations in light of the disability. Plaintiff appears to allege that she requested an "accommodation" in her work schedule in light of a conflict with her school schedule and an unidentified illness or condition that may result in a flareup. Plaintiff alleges that she was placed on an evening/closing shift because she might "call in" and her manager decided that such a shift would be easier to cover if Plaintiff could not work the shift. Plaintiff's statement that she felt her employer was "forcing [her] to make a choice between school or work" suggests that the concern with working the evening/closing shift pertains solely to a conflict with her school schedule. At any rate, having failed to identify the nature of her alleged disability, Plaintiff has failed to raise a plausible claim that she notified her employer of any disability and that her employer failed to provide reasonable accommodations with respect to that disability.

### 3. LEDL Claims

Plaintiff's sole reference to the LEDL is a citation to the statute providing its title, La. R.S. 23:301. (R. Doc. 1 at 1). It appears that Plaintiff is seeking to maintain the same discrimination and retaliation claims as discussed above under the LEDL.

The LEDL is "substantively similar" to Title VII, and the outcome of "statutory discrimination and retaliation claims "will be the same under the federal and state statutes." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 n. 4 (5th Cir. 2007). Accordingly, to the extent

---

La. 2009) (genuine issue of material fact whether Plaintiff's ulcerative colitis substantially limited her ability to eliminate waste, a recognized major life activity). As stated above, Plaintiff does not allege that she suffers from ulcerative colitis in the Complaint or allege how that illness substantially limits one or more of her major life activities.

Plaintiff seeks recovery under the LEDL for the same claims as raised under Title VII, those claims are subject to dismissal.

Similarly, "[t]he ADA and LEDL provide similar rights and remedies, such that Louisiana courts routinely reference federal ADA jurisprudence when considering LEDL claims." *Scott v. Turner Indus. Grp., LLC*, No. 9-872, 2011 WL 5023840, *4 (M.D. La. Oct. 19, 2011). Accordingly, to the extent Plaintiff seeks recovery under the LEDL for the same claims as raised under the ADA, those claims are subject to dismissal.

### C. Leave to Amend

Despite the shortcomings outlined above, courts are encouraged to grant leave to amend the complaint once to cure such deficiencies before dismissing a lawsuit with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("Although a court may dismiss [a deficient] claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."). Given the record, and Plaintiff's *pro se* status, the Court finds it appropriate to grant Plaintiff leave to file an amended complaint should she wish to cure the foregoing deficiencies.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Rule 12(b)(6) Motion to Dismiss (R. Doc. 12) be **GRANTED,** and the claims of Plaintiff against Grifols Biomat USA be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to file an amended complaint within **21 days** of the Court's ruling to the extent Plaintiff wishes to cure the

deficiencies outlined above.  Should Plaintiff decline to file an amended complaint, her claims should be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Grifols Biomat USA be replaced by Biomat USA, Inc. as a defendant in this action, and that the Clerk of Court be directed to reflect this change on the docket sheet.

Signed in Baton Rouge, Louisiana, on August 29, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**