UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHELLE RIOS                                         CIVIL ACTION

VERSUS

                                                      NO. 18-814-JWD-RLB

GRIFOLS BIOMAT USA

**ORDER**

Before the Court is Plaintiff's Motion to Withdraw/Strike Previously Filed Amended Complaint and Motion to Substitute Attached Amended Complaint for Same ("Motion to Amend"). (R. Doc. 50).

Also before the Court is Defendant Grifols Biomat USA, Inc.'s Second Motion to Strike Plaintiff's Second Amended Complaint and for Sanctions ("Second Motion to Strike"). (R. Doc. 51)

**I.     Background**

Michelle Rios ("Plaintiff"), who is proceeding *pro se*, commenced this civil rights action on August 31, 2018 naming as the sole defendant her employer, Grifols Biomat USA ("Defendant").[1] It appears that Plaintiff is seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§ 12102 *et seq.* ("ADA"), and the Louisiana Employment Discrimination Law, La. R.S. 23:301 *et seq.* ("LEDL").

On the form complaint, Plaintiff alleges that she was purposely discriminated against by her employer. (R. Doc. 1). Plaintiff alleges that her assistant manager, Janell Mitchell, would not modify her work schedule to accommodate an unidentified "medical condition" and her "school

---

[1] Defendant asserts that its correct corporate name is Biomat USA, Inc. (R. Doc. 22 at 1).

schedule." (R. Doc. 1 at 3). Plaintiff alleges that her requested schedule, which appears to be based on her school schedule, was not accommodated because she "might get sick or have a flare up." (R. Doc. 1 at 2). Plaintiff alleges that she was discriminated against "with malicious intent" and forced to choose between "school or work." (R. Doc. 1 at 3). Plaintiff alleges that while her co-employees have less years of employment than she does, they appear to have their schedules accommodated. (R. Doc. 1 at 3). Plaintiff identifies her co-employees as African American, but does not raise any allegations that she was discriminated against based on her own race, which she does not identify. (R. Doc. 1 at 3).

While not in the Complaint, Plaintiff makes additional factual assertions in a filed status report. (R. Doc. 18). Among other things, Plaintiff states that she has "a chronic illness known as ulcerative colitis for which [she] was on FMLA for the week of August 21, 2017," that she "had a flare up and was out most of the week," and that she has a "religious accommodation" authorized by Defendant. (R. Doc. 18 at 1).

Defendant filed a motion to dismiss. (R. Doc. 12). The undersigned recommended that the district judge dismiss Plaintiff's Complaint and provide Plaintiff the opportunity to address the deficiencies in her pleading through the filing of an Amended Complaint. (R. Doc. 25). Plaintiff filed an Amended Complaint without waiting for a final ruling. (R. Doc. 26). The district judge then adopted the undersigned's recommendations, dismissing Plaintiff's claims and providing Plaintiff the opportunity to file an amended pleading. (R. Doc. 27).

Defendant then filed a second motion to dismiss. (R. Doc. 30). This motion remains pending. In granting Plaintiff an extension of the deadline to oppose this motion to dismiss, the undersigned informed Plaintiff that she was "not granted leave to file an additional amended pleading at this time." (R. Doc. 37 at 7). In spite of the foregoing, Plaintiff filed a Second

2

Amended Complaint into the record without seeking leave of court. (R. Doc. 38). Defendant filed a Motion to Strike Plaintiff's Second Amended Complaint. (R. Doc. 46). The Court granted Defendant's Motion to Strike and ordered Plaintiff's Second Amended Complaint struck from the record. (R. Doc. 47).

On February 28, 2020, Plaintiff filed the instant Motion to Amend. (R. Doc. 50). Plaintiff represents that she submitted her earlier proposed Second Amended Complaint without knowledge of the Court's order providing that additional amendments would not be allowed. (R. Doc. 50 at 1). Plaintiff now requests that the Court provide leave for entry of the proposed Second Amended Complaint into the record as it addresses the deficiencies in the district judge's ruling dismissing her claims. (R. Doc. 50 at 1-2). The proposed Second Amended Complaint is the same pleading that the undersigned struck from the record. (R. Doc. 50-1).

On March 11, 2020, Defendant filed its Second Motion to Strike. (R. Doc. 51). Defendant seeks an order striking Plaintiff's Motion to Amend from the record, and awarding sanctions, in light of Plaintiff's vexatious filings and contravention of the Court's orders.

## II. Law and Analysis

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)

(quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 873 (citations omitted).

Having considered the record, the Court finds it appropriate to allow Plaintiff to file her Second Amended Complaint into the record. Plaintiff originally filed the Second Amended Complaint into the record without seeking leave of court. While the undersigned struck that filing from the record, Plaintiff has now filed an appropriate motion seeking leave to file the Second Amended Complaint into the record. A review of the proposed pleading shows that it attempts to address the deficiencies identified in the district judge's ruling dismissing the original Complaint. While the Court makes no finding at this time whether and to what extent Plaintiff's Second Amended Complaint would survive a motion to dismiss for failure to state a claim, Plaintiff sets forth allegations in support of a finding that she has a serious health condition and that her employer took adverse employment action because of her protective status. Given that Plaintiff is proceeding without counsel, the Court finds it appropriate to grant Plaintiff leave to file the instant pleading into the record under Rule 15(a)(2).

4

Defendant did not file an opposition addressing Plaintiff's Motion to Amend and, instead, filed an independent Second Motion to Strike. While the Court previously issued an order stating that Plaintiff was not granted leave to amend, and struck from the record a Second Amended Complaint filed without leave, the Court did not preclude future motions for leave to amend. Plaintiff's motion does not contravene the Court's earlier order and does not form a basis for an award of sanctions.

The Court will consider Plaintiff's allegations in the Second Amended Complaint when resolving the pending motion to dismiss. If applicable, Defendants may file an appropriate motion seeking leave to withdraw their pending motion to dismiss and to file a renewed motion to dismiss addressing any remaining deficiencies in Plaintiff's pleadings.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Withdraw/Strike Previously Filed Amended Complaint and Motion to Substitute Attached Amended Complaint for Same (R. Doc. 50) is **GRANTED**, and the Second Amended Complaint (R. Doc. 50-1) is entered into the record.

**IT IS FURTHER ORDERED** that Defendant Grifols Biomat USA, Inc.'s Second Motion to Strike Plaintiff's Second Amended Complaint and for Sanctions (R. Doc. 51) is **DENIED**. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on April 7, 2020.

                                                                        _____
                                                                        **RICHARD L. BOURGEOIS, JR.**
                                                                        **UNITED STATES MAGISTRATE JUDGE**